IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-423 |
| | ) | |
| KATRAE SMITH | ) | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and hereby submits this response to the defendant's sentencing memorandum, ECF Doc. No. 65.

On December 9, 2021, the defendant entered a plea of guilty to Count One of the Indictment at Criminal No. 21-423, admitting to conspiring to commit an offense against the United States, that is, to make a false statement in connection with the acquisition of a firearm, contrary to the provision of 18 U.S.C. § 922(a)(6), in violation of 18 U.S.C. § 371.

On April 12, 2022, the defendant, through counsel, filed a sentencing memorandum. (ECF Doc. No. 65). In relevant part, the defendant requests a "significant" downward variance from the Sentencing Guideline range of 15-21 months. The defense argues that the downward variance is warranted due to the defendant's young age, difficult upbringing, role in the conspiracy, and the non-violent nature of the offense

The "significant" variance sought by the defense is not supported by the factors cited under Title 18, United States Code, Section 3553. Accordingly, the government opposes the requested variance.

## TITLE 18, UNITED STATES CODE, SECTION 3553

The § 3553(a) factors support a Guideline sentence, not a "significant" downward variance. As an initial matter, the offense to which the defendant pled guilty is quite serious. From in and around April 2021 through June 2021, the defendant conspired with others to obtain firearms using his co-defendant, the "straw purchaser." The evidence supports that the conspirators communicated with each other using their cellular phones on multiple occasions in order to unlawfully acquire firearms. (PSIR ¶¶ 13-14). The parties have stipulated and agreed that the number of firearms attributable to the defendant in this conspiracy is at least three but less than seven. (PSIR ¶ 23). The defendant's offense occurred over several months, required deliberation and coordination with his co-defendant, and resulted in the unlawful acquisition of multiple firearms. In light of the seriousness of the offense, a significant variance is not warranted.

Moreover, the nature and circumstances surrounding the offense also do not support the requested variance. On June 16, 2021, the Wilkinsburg Police Department arrested the defendant while in possession of one of the firearms that he obtained in this conspiracy. (PSIR ¶ 10). Additionally, a search of the defendant's vehicle resulted in the discovery of a loaded extended magazine and a box of empty stamp bags. (PSIR ¶ 11). Furthermore, the defendant admitted to recently being involved in a "self-defense" shooting. (PSIR ¶ 12). Contrary to the defense sentencing memorandum, there are multiple aggravating factors that weigh in favor of a Guideline sentence.

While the defendant is young, this is not his first experience in the criminal justice system. Despite being 19 years old, the defendant is a CHC III due to his lengthy and serious juvenile history. (PSIR ¶ 40). His juvenile adjudications include robbery (PSIR ¶ 32), possession of a firearm (PSIR ¶¶ 33 and 37), and receiving stolen property (PSIR ¶¶ 33-36). The defendant also

has pending charges related, in part, to a firearm acquired in the instant federal case. (PSIR ¶ 42). Despite his youth, the defendant has already demonstrated that he is a recidivist firearm possessor. The defendant's history and characteristics do not support that the instant offense was an isolated incident. In light of his criminal history and willingness to return to criminal activity, a Guideline sentence would also ensure greater deterrence than a "significant" downward variance.

Finally, a term of imprisonment within the advisory Guideline range reflects an appropriate sentence for the defendant in this case, given his role within this conspiracy and his criminal history. The recommended Guideline sentence, therefore, will satisfy the need to avoid unwarranted sentence disparities among similarly situated defendants, including the co-defendant charged in this case.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court deny the requested significant downward variance and impose a sentence within the range provided by the Sentencing Guidelines.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

s/*Brendan J. McKenna*
BRENDAN J. MCKENNA
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street
Pittsburgh, PA 15219
brendan.mckenna@usdoj.gov
PA ID No. 314315