IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KATRAE SMITH | Criminal No. 2:21-cr-0423-02 |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISION**

AND NOW comes the United States of America, by and through its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Lee A. Fry, Assistant United States Attorney for said District, and hereby submits this Response in Opposition to Defendant's Motion to Modify Conditions of Supervision, Doc. No. 174.

In short, Defendant Katrae Smith requests that the Court grant three windows to attend holiday events with his daughter, modifying his home detention. While the Government understands the Defendant's desire to attend these events, the Defendant's history while on release indicates he is a danger to the community, which is exemplified by the Court's repeated imposition of home detention and location monitoring. The Defendant has been previously charged with and/or convicted of serious offenses and has committed additional offenses while on supervised release. Given his failure to abide by the Court's conditions and his conduct while under supervision, the Defendant's possible release poses a risk to the community at large. Thus, his motion should be denied.

**CASE FACTS & POSTURE**

In 2021, Smith entered a plea of guilty to the Indictment at Criminal No. 21-423, charging him with violating 18 U.S.C. § 371, related to his involvement in a conspiracy to commit an offense against the United States; specifically, false statement in connection with the acquisition of a firearm. The investigation into Smith revealed that he directed a third-party to purchase several

firearms on his behalf, that he was arrested in possession of one of those firearms. Doc. No. 60. On April 21, 2022, this Honorable Court sentenced the Defendant to 15-months of imprisonment, followed by 3-years of supervised release. Doc. No. 69. The Defendant commenced his initial term of supervised release on October 26, 2022

On May 19, 2023, the U.S. Probation Office submitted its Petition for Warrant or Summons for Person Under Supervision (hereinafter "Petition 1"), and the Court issued an order on same. Doc. No. 94. Petition 1 alleged that Smith committed seven (7) violations of his supervised release. At the time the Probation Office filed Petition 1, the Defendant had been under supervision for less than seven (7) months. The nature of the alleged noncompliance included the commission of another crime, possession of a weapon, failure to notify the probation officer within 72 hours of questioning by law enforcement, testing positive for marijuana during two urinalyses, and being unemployed throughout the period of supervision. The U.S. Probation Officer recommended revocation of Smith's supervised release due to his "minimal efforts to participate as a productive member of society" and the commission of new firearms offenses. *Id*.

On June 21, 2023, U.S. Magistrate Judge Lisa Pupo Lenihan found that Smith was a danger to the community but that conditions could be fashioned to reasonably assure the safety of the community. Magistrate Judge Lenihan ordered that Smith be released under all conditions initially imposed by this Court in its Judgment (Doc. No. 69), in addition to placing him on home detention at his residence with GPS monitoring. Doc. No. 104.

On September 26, 2023, approximately three months after Magistrate Judge Lenihan placed Smith on home detention with GPS monitoring, the North Versailles Police Department arrested the Defendant for attempting to steal work boots and pants from Walmart. As a result, the U.S. Probation Office filed its Supplemental Petition for Warrant or Summons for Person Under Supervision (Doc. No. 134), which was incorporated into Petition 1. Doc. No. 135.

On October 12, 2023, Smith admitted to violating conditions of release, and the Court revoked his supervised release. Doc. No. 136. Thereafter, the Court sentenced Smith to 8-months imprisonment, followed by 2-years of federal supervised release. Doc. No. 137. In addition to imposing the mandatory and standard conditions of release, the Court specifically placed Smith on home detention and GPS monitoring. *Id.*

On May 31, 2024, the Bureau of Prisons released Smith, and he began his current term of federal supervised release. During this current term of supervision, the Defendant tested positive for cannabinoids on July 9, September 4, and November 8, 2024. On July 25, 2024, Smith deviated from his approved schedule without permission.

On August 19, 2025, the Court granted the Defendant's request to modify conditions of release (Doc. No. 155) and terminated the home detention condition of his release and imposed a curfew in its place.

On September 17, 2025, less than a month after this Court terminated the Defendant's home detention, the Munhall Police Department arrested Smith for possession of a firearm with an obliterated serial number and possession of marijuana. As a result, the U.S. Probation Office filed Petition for Warrant or Summons for Person Under Supervision (hereinafter "Petition 2"), and the Court ordered Smith's arrest. Doc. No. 157. Petition 2 alleged that the Defendant committed five (5) violations of his supervised release. The nature of the alleged noncompliance includes the commission of crimes, unlawful possession and use of controlled substances, access to a firearm, and failure to comply with conditions of home detention. The U.S. Probation Officer recommended revocation of Smith's supervised release due to his risk to the community. *Id.*

On September 25, 2025, U.S. Magistrate Judge Maureen P. Kelly determined that probable cause existed that the Defendant committed the offenses for which he was arrested by Munhall Police Department and set conditions that would reasonably assure the safety of the community.

Magistrate Judge Kelly ordered that Smith be released under all conditions initially imposed by this Court but re-imposed the condition of home detention with electronic monitoring. Doc. No. 169.

On October 14, 2025, the Defendant filed the instant motion, seeking to modify his conditions of supervision to allow three windows of release from home detention. Doc. No. 174.

**ARGUMENT**

The Court should deny the Defendant's request to modify the conditions related to home detention and location monitoring. As summarized above and set forth in greater detail in Petition 1 and its Supplemental Petition (Doc. No. 94 and 134) and Petition 2 (Doc. No, 157), Smith continues to violate conditions of release during his supervised release terms.

While serving his first term of supervised release, the Defendant committed several violations within the first seven (7) months of his release from custody. Following the detention hearing that resulted from these violations, Magistrate Judge Lenihan placed the Defendant on home detention. Within three (3) months of being on home detention, Smith was arrested by North Versailles Police Department. Following his revocation sentence, the Defendant re-commenced supervised release on May 31, 2024, again with the imposition of home detention. Within approximately two (2) months of his release, Smith tested positive for cannabinoids and deviated from his approved home detention schedule. After a period of improved compliance with conditions, the Defendant's conditions were lessened, and home detention was terminated. However, within a month of this modification, the Defendant was arrested once again.

Thus, it seems likely that Smith's improved compliance with the conditions set from November 2024 to September 2025 is at least partially because of the influence of his supervised release conditions. *See United States v. Miles*, 2020 WL 4904019, at *3 (W.D.Pa. Aug. 20, 2020) ("[T]he fact of compliance may very well mean that supervision is serving its deterrent and

rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community."). As once the home detention was removed, the Defendant engaged in serious criminal activity within just a few weeks.

Following the non-compliance alleged in Petition 2, the government argued that as a result of the continued non-compliance, detention was appropriate. However, Magistrate Judge Kelly found that there was a set of conditions which would not necessitate detention, one being the re-imposition of home detention. The government believes that in order to ensure the safety of the community, that condition needs to remain unchanged.

Additionally, this Honorable Court considered and weighed the danger potentially posed to the community and Smith's circumstances when considering the Defendant's Emergency Motion to Modify Conditions of Release. Doc. No. 172. This Motion also requested a window for release from home detention, which this Court denied. Doc. No. 173.

## CONCLUSION

Due to the Defendant's history of violations of the Court's conditions, the continued criminal conduct, and the need to ensure the safety of the community, the United States respectfully requests that this Court deny any modification to defendant's home detention.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

By: /s/ *Lee A. Fry*
LEE A. FRY
Assistant U.S. Attorney
Western District of Pennsylvania
PA ID No. 325861